UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JAN 2 0 2006

MICHAEL N. MILBY, CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES H. JULIAN, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CA-NO- H-06-220 |
| | § | |
| THE CITY OF HOUSTON, TEXAS, | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE FEDERAL COURT:

COMES NOW, CHARLES H. JULIAN, Plaintiff, and complains of THE CITY OF HOUSTON, TEXAS, Defendant, as follows:

### I.
### JURISDICTION

1. This court has jurisdiction over the Parties and the subject matter of this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e et seq.; the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621 et seq; and the court's pendent jurisdiction.

### II.
### PARTIES

2. Plaintiff is an individual residing in Harris County, Texas.

3. Defendant City of Houston, Texas is a political subdivision and a municipality of the State of Texas. It has employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year and, therefore, is an "employer" within the meaning of 42 USC § 2000e(b), and within the meaning of the Texas Commission on Human Rights Act, as amended, Chapter 21.002(8)(D) of the Texas Labor Code, as amended. (Vernon's Texas Codes Annotated 2005)

4. Defendant City of Houston, Texas further has employed at least twenty (20)

employees for each working day in each of twenty (20) or more calendar weeks and, therefore, is an "employer" as that term is defined in 29 USC § 630(b).

5.  Defendant City of Houston, Texas may be served with process through the City Secretary, Anna Russell at 900 Bagby, Houston, Texas 77002.

III.

## VENUE

6.  Venue of this action is proper in this judicial district because the parties to this lawsuit reside or transact business in this judicial district, and the actions, events, and developments which have given rise to the causes of action sued upon accrued in Harris County, Texas, and, therefore, within this judicial district.

IV.

## FACTS

7.  Plaintiff is a 63-year old Black individual with a date of birth of October 2, 1942.

8.  Plaintiff has continuously been employed by the Defendant since November 25, 1968. He is still employed by the Defendant and his current position is District Chief.

9.  Plaintiff's performance with the Defendant has consistently been impeccable. His performance reviews reflect that throughout his employment he never received a performance rating below "outstanding" or "very good" in all categories of review.

10. Throughout his employment Plaintiff likewise diligently applied his skills and knowledge and contributed significantly to the Defendant's good will and good reputation in the community.

11. Additionally, throughout his employment with the Defendant Plaintiff regularly and earnestly furthered his education, both internally, and by enrolling in college courses at various college campuses in Harris County, Texas.

12. Because of his merit and professionalism Plaintiff was periodically promoted by the Defendant. Plaintiff consistently moved up the Defendant's ranks from fire fighter to District

Page 3

Chief. He reached the latter position in September 1984 at age 42.

13. Since that time, however, Plaintiff reached a glass ceiling which Defendant imposed upon him and which, in spite of numerous and persistent efforts, Plaintiff has been unable to pierce.

14. At all times relevant to this lawsuit Defendant maintained a rank system consisting of the following ranks: (1) fire fighter; (2) chauffer/engineer (driver); (3) junior captain; (4) senior captain; (5) district chief; (6) deputy chief; (7) assistant chief; and (8) city fire chief.

15. The assistant chiefs are appointed by the city fire chief. Since 1989 Plaintiff periodically applied for promotions or appointments to Assistant Chief. He applied six (6) different times and each time was denied the promotion or appointment he sought.

16. Consequently, on October 10, 1995 Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") a charge of race discrimination against the City of Houston Fire Department (Charge #330960080) and on March 5, 1999 another charge of discrimination (Charge #330991689) claiming age and race discrimination, and retaliation.

17. On March 1, 1999 Plaintiff filed a suit against the Defendant, Cause Nr. H-99-0628; <u>Charles Julian v. City of Houston;</u> In the United States District Court for the Southern District of Texas; Houston Division, claiming denial of promotion to assistant fire chief based on race, age, and retaliation. That case was tried in May 2000 and the jury returned a verdict for the Plaintiff on the age discrimination claim. In 2003 settlement discussions ensued between Plaintiff and Defendant which resulted in Plaintiff's promotion to Assistant Fire Chief in December 2003.

18. In January 2004 Defendant installed a new city mayor, Bill White, who in turn appointed Phil Boriskie, as the City's new Fire Chief in May 2004. On September 12, 2004 Chief Boriskie demoted the Plaintiff from Assistant Fire Chief to his previous position of District Fire Chief. Plaintiff's job responsibilities were divided between his replacements, a white person in

Page 4

his early 50s, and an African-American person in his 40s.

19. On September 12, 2004 Plaintiff was 61 years of age.

20. Subsequent to these events Plaintiff timely filed a charge of discrimination against the Defendant through the Equal Employment Opportunity Commission and the Texas Commission on Human Rights on September 14, 2004 alleging discrimination based on race and age, and retaliation.

21. On December 14, 2005 the Department of Justice of the United States issued to the Plaintiff a right-to-sue thereby allowing him to commence legal action against the Defendant in court.

22. Plaintiff has filed this action within ninety (90) days of his receipt of the right to sue from the Department of Justice.

23. Similarly, on January 17, 2006, the TCHR issued to the Plaintiff a right to sue thereby allowing him to commence legal action against the Defendant in court.

24. Plaintiff has filed this action within sixty (60) days of his receipt of the right to sue from the TCHR.

V.

PLAINTIFF'S CLAIM FOR RACE DISCRIMINATION

25. Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is liable to him for race discrimination under Title VII of the Civil Rights Act of 1964, as amended.

26. At all times relevant to this lawsuit Plaintiff was, on account of his race, Black, a member of a protected class. Defendant treated the Plaintiff less favorably in the terms and conditions of his employment that its similarly situated White employees because of his race, Black. Specifically, Defendant denied the Plaintiff legitimate promotions and appointments because of his race, Black, and demoted him from Assistant Fire Chief because of his race. This discrimination is the proximate cause of both economic and emotional damages sustained by the

Page 5

Plaintiff.

27. Plaintiff satisfied all jurisdictional and administrative prerequisites for bringing this cause of action.

## VI.

## PLAINTIFF'S CLAIM FOR AGE DISCRIMINATION

28. Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to him for age discrimination under both, the Age Discrimination in Employment Act, as amended, and the Texas Commission on Human Rights Act, as amended.

29. At all times relevant to this lawsuit Plaintiff was, on account of his age, a member of a protected class. Defendant treated the Plaintiff less favorably in the terms and conditions of his employment that its similarly situated younger employees because of his age. Specifically, Defendant denied the Plaintiff legitimate promotions and appointments because of his age, and demoted him from Assistant Fire Chief because of his age. This discrimination is the proximate cause of both economic and emotional damages sustained by the Plaintiff.

30. Plaintiff satisfied all jurisdictional and administrative prerequisites for bringing this cause of action.

## VII.

## PLAINTIFF'S CAUSE OF ACTION FOR UNLAWFUL RETALIATION

31. Plaintiff realleges all factual allegations made in the preceding paragraphs and would show that Defendant is further liable to him for unlawful retaliation under the Texas Commission on Human Rights Act, as amended.

32. By filing charges of discrimination with the Equal Employment Opportunity Commission and with the Texas Commission on Human Rights, and by filing a lawsuit for employment discrimination against the Defendant, Plaintiff opposed discrimination and engaged in activities protected by the law.

Page 6

33. Defendant unlawfully retaliated against the Plaintiff for having engaged in protected activities by demoting him from Assistant Fire Chief to District Chief. Plaintiff's engagement in protected actions was a motivating factor in Defendant's decision to demote the Plaintiff.

34. As a result of the unlawful retaliatory actions taken against him by the Defendant, Plaintiff suffered extensive economic and mental damages.

35. Plaintiff satisfied all jurisdictional and procedural prerequisites for bringing this cause of action.

VIII.

PLAINTIFF'S JURY REQUEST

36. Plaintiff respectfully requests a trial by jury.

IX.

DAMAGES

37. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this court grants relief.

38. Plaintiff additionally would show that Defendant's actions against him have necessitated the retaining of legal counsel. As such Plaintiff respectfully requests the court to allow reasonable and necessary attorney's fees to the Plaintiff under both statutory and customary law.

X.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charles H. Julian prays that Defendant City of Houston, Texas be cited to appear and answer and that on final trial Plaintiff be granted relief as follows:

1. Judgment declaring that the acts and practices described herein violate Title VII

Page 7

of the Civil Rights Act of 1964, as amended, 42 USC § 2000e et seq.;

2. Judgment declaring that the acts and practices described herein violate the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621 et seq;

3. Judgment declaring that the acts and practices described herein constitute willful violations of the Age Discrimination in Employment Act of 1967, as amended, 29 USC § 621 et seq;

4. Judgment declaring that the acts and practices described herein violate the Texas Commission on Human Rights Act, as amended, Chapter 21.001 et seq. of the Texas Labor Code, as amended;

5. Judgment enjoining and permanently restraining these violations;

6. Judgment directing the Defendant to pay the Plaintiff actual, compensatory, liquidated, and consequential damages on all counts;

7. Costs of suit and reasonable attorney's fees;

8. Prejudgment and postjudgment interest as provided by law; and

9. Such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: _____
Peter Costea
TBN 04855900
One Riverway, Suite 1700
Houston, Texas 77056
Tel. 713-840-6410
Fax 713-622-1937
ATTORNEY FOR PLAINTIFF
CHARLES H. JULIAN